UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM MURAWSKI, also known as BILL MURAWSKI, and all other candidates who are similarly situated,

                       *Plaintiff(s)*,

- against -

NEW YORK STATE BOARD OF ELECTIONS, NEW YORK CITY BOARD OF ELECTIONS, and the NEW YORK CITY CAMPAIGN FINANCE BOARD,

                       *Defendants*.

1:17-cv-06859-RWS

---

## MEMORANDUM OF LAW IN SUPPORT OF NEW YORK STATE BOARD OF ELECTIONS' <u>MOTION TO DISMISS</u>

 

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
*Attorney for Defendant New York State Board of Elections*
120 Broadway – 24th Floor
New York, New York 10271
Tel: (212) 416-6382

OWEN T. CONROY
  Assistant Attorney General
    *Of Counsel*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1
BACKGROUND .......................................................................................................................... 1
STANDARD OF REVIEW .......................................................................................................... 4
ARGUMENT ................................................................................................................................. 4
   PLAINTIFF'S CLAIMS AGAINST THE STATE BOARD ARE BARRED BY SOVEREIGN IMMUNITY ............................................................................................................................... 4
CONCLUSION .............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aurecchione v. Schoolman Transp. Sys.*,
  426 F.3d 635 (2d Cir. 2005) ............................................................................................4

*Colo. Capital v. Owens*,
  227 F.R.D. 181 (E.D.N.Y. 2005) .....................................................................................4

*Credico v. New York State Bd. of Elections*,
  751 F. Supp. 2d 417 (E.D.N.Y. 2010) .............................................................................6

*Cty. of Nassau v. New York*,
  724 F. Supp. 2d 295 (E.D.N.Y. 2010) .............................................................................6

*Forjone v. California*,
  425 F. App'x 73 (2d Cir. 2011) .......................................................................................6

*Garcia v. Paylock*,
  No. 13-cv-2868 (KAM), 2014 WL 298593 (E.D.N.Y. Jan. 28, 2014) ...........................5

*Holmes v. Caliber Home Loans, Inc.*,
  No. 16-CV-3344 (KMK), 2017 WL 3267766 (S.D.N.Y. July 31, 2017) ......................5

*Iwachiw v. NYC Bd. of Elections*,
  217 F. Supp. 2d 374 (E.D.N.Y. 2002), *aff'd*, *Iwachiw v. New York City Bd. of Elections*, 126 F. App'x 27 (2d Cir. 2005) ......................................................................6

*Keitt v. New York City*,
  882 F. Supp. 2d 412 (S.D.N.Y. 2011) ..........................................................................5, 6

*Marino v. City Univ. of New York*,
  18 F. Supp. 3d 320 (E.D.N.Y. 2014) ...............................................................................5

*Moore v. Desposito*,
  No. 15-cv-4319 (CBA) (LB), 2016 WL 4223967 (E.D.N.Y. Apr. 19, 2016) ................5

*Murawski v. Pataki*,
  514 F. Supp. 2d 577 (S.D.N.Y. 2007) .............................................................................4

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment .............................................................................................1, 4, 5, 6

Fifth Amendment .............................................................................................................1, 3

First Amendment ..................................................................................................................1, 2, 3

Fourteenth Amendment ............................................................................................................2, 5

**STATE STATUTES**

N.Y. Elec. Law
  §§ 6-130—142 ........................................................................................................................1, 2

**FEDERAL STATUTES**

42 U.S.C.
  §§ 1985 and 1986................................................................................................................1, 3, 4, 6

Help America Vote Act, 42 U.S.C.
  § 15301, *et seq.* .....................................................................................................................1, 3, 6

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ............................................................................1, 4, 6, 7

**PRELIMINARY STATEMENT**

Plaintiff William Murawski alleges that he wishes to run for New York City mayor, but that he has been unable to meet the petition requirements set forth in the New York Election Law. Having failed to meet those requirements, he has filed a federal lawsuit that raises various disparate grievances regarding the election process in New York State. Plaintiff alleges that the issues he raises amount to violations of the First, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1985 and 1986 by Defendants New York State Board of Elections ("State Board"), New York City Board of Elections ("City Board"), and the New York City Campaign Finance Board ("NYCCFB"). Amended Complaint at p. 1 and ¶¶ 3-11 ("Am. Compl.").[1] He further alleges that the City Board has violated the Help America Vote Act, 42 U.S.C. § 15301, *et seq*. ("HAVA"). *Id*. ¶ 12.

The Eleventh Amendment of the United States Constitution bars all of Plaintiff's claims against the State Board. The State Board therefore respectfully requests that the Court dismiss it from this matter for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**BACKGROUND**

Pursuant to Article 6 of the New York Election Law, candidates for a party nomination selected by primary election must file a designating petition; independent candidates for office must file an independent nominating petition. N.Y. Elec. Law §§ 6-130—142. Candidates must

---

[1] Plaintiff filed an Amended Complaint and Affidavit in Support of Amended Complaint on the Court's CM/ECF system as Docket Entry No. 7. The versions of the Amended Complaint and Affidavit filed with the Court are each missing pages that were included in the versions of the pleadings that Plaintiff served on the State Board. The service versions of the Amended Complaint and Affidavit received by the State Board are therefore attached as Exhibits 1 and 2 to the Declaration of Owen T. Conroy (October 6, 2017).

collect and include with their petitions a sufficient number of valid voter signatures as set forth in the statute. *Id*.

Plaintiff alleges that he filed with the City Board as a candidate for the Democratic Party nomination for New York City mayor in the primary election that was held on September 12, 2017, and as an independent candidate for New York City mayor in the General Election to be held on November 7, 2017. Am. Compl. p. 1. He alleges that he attempted to collect the voter signatures required to petition for a place on each of these ballots pursuant to New York Election Law, but found that process to be "futile as people came up with all sorts of reasons not to sign a petition[.]" Murawski Affidavit in Support of Am. Compl. ¶ 62 ("Murawski Aff."). Plaintiff alleges that after he submitted a petition that lacked the requisite number of signatures, he received a letter from the City Board stating that he would not appear on the ballot for the September 12, 2017 primary election. *Id*. ¶ 82. The City Board allegedly informed Plaintiff that his petition cover sheet failed to comply with New York State Election Law because it did not contain a statement that the petition contained a sufficient number of valid signatures. *Id*. Ex. 7.

Plaintiff asserts various grievances regarding elections in New York City arising from this and other experiences: (1) He alleges that the "signature scheme developed by the [State Board] and [the City Board] is an arbitrary and capricious device used by political parties to eliminate" candidates. Am. Compl. ¶ 3. (2) He alleges that "the scheduling of primary elections by the [State Board] and the [City Board] violates the Equal Protection Clause" of the Fourteenth Amendment, apparently because of the proximity of these elections to the anniversary of the terrorist attacks of September 11, 2001. *Id*. ¶ 4 and p. 4. (3) He alleges that the treatment of voters who are not enrolled in political parties violates the First Amendment. *Id*. ¶ 5. (4) He alleges that "representatives are hand-picked by the major parties in the city and state." *Id*. ¶ 6. Plaintiff's

Affidavit also lists various other grievances regarding his experiences with the election process in New York City dating back to the 1990s.  Murawski Aff. ¶¶ 2-93.

Plaintiff alleges that Defendants State Board, City Board, and NYCCFB have, by taking the various actions alleged in the Amended Complaint and Murawski Affidavit, violated the First, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1985 and 1986; and that the City Board has violated HAVA.  Am. Compl. p. 1 and ¶¶ 3-12.

Plaintiff asks the Court to: (1) order that the primary election held on September 12, 2017 be "re-run" with Plaintiff's name on the ballot; (2) place a temporary restraining order on the general election to be held on November 7, 2017 until Defendants place Plaintiff's name on the ballot as a candidate for New York City mayor under the party name "Voice of the People" and publish his name in the NYCCFB voter guide; (3) order Defendants to "develop a ballot access procedure such as a bond requirement that is financially reasonable for candidates to obtain ballot access that is not arbitrary and capricious"; (4) order Defendants to "allow those voters who are not registered in any constituted party to vote in all Primary Elections held in New York State"; (5) "[d]eclare the 2013 election for mayor of the City of New York as null and void"; (6) order Defendants to "have Primary Elections held in September to be held on any Tuesday in a week that is either before or after the yearly September 11th Commemoration"; (7) order Defendants to "schedule all primary elections for city, state and federal elections on the same day"; (8) order Defendants to "develop a method within a 3 year period whereby voters can obtain a paper receipt for the ballot they cast . . . AND that the voter can verify on the internet"; and (9) order Defendants to "develop a method whereby a third, non-interested party such as the League of Women Voters can verify the votes cast in any election held in New York State."  *Id*. pp. 3-4.

**STANDARD OF REVIEW**

When a defendant moves to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys.*, 426 F.3d 635, 638 (2d Cir. 2005). The district court must "'constru[e] all ambiguities and draw[] all inferences' in a plaintiff's favor," and then "may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it 'lacks the statutory or constitutional power to adjudicate it.'" *Id.* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

While *pro se* plaintiffs "are entitled to a liberal pleading standard," that "'does not exempt a [*pro se*] party from compliance with the relevant rules of procedural and substantive law.'" *Colo. Capital v. Owens*, 227 F.R.D. 181, 193 (E.D.N.Y. 2005) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**ARGUMENT**

**PLAINTIFF'S CLAIMS AGAINST THE STATE BOARD ARE BARRED BY SOVEREIGN IMMUNITY**

The Eleventh Amendment of the United States Constitution deprives the Court of subject matter jurisdiction over claims against the State Board brought under the United States Constitution and 42 U.S.C. §§ 1985 and 1986.[2]

---

[2] Even if Plaintiff's claims were not barred by sovereign immunity, this Court would still not be the correct forum in which to resolve Plaintiff's grievances about New York State's election process because, as Plaintiff learned in a prior lawsuit he filed in this Court addressing similar complaints about the New York election process, "'federal court is generally not the appropriate place to deal with the minutia of state election disputes.'" *Murawski v. Pataki*, 514 F. Supp. 2d 577, 584 (S.D.N.Y. 2007) (quoting *Bert v. N.Y. City Bd. of Elections*, No. 06 Civ. 4789 (CPS), 2006 WL 2583741, at *3 (E.D.N.Y. Sept. 7, 2006)).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. "Although the Eleventh Amendment does not explicitly bar suits against a state by its own citizens, it is well established that a non-consenting state is immune from suits brought by its own citizens in federal court." *Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 328 (E.D.N.Y. 2014) (citing *Clissuras v. City Univ. of New York*, 359 F.3d 79, 81 (2d Cir. 2004)). Sovereign immunity "extends not only to the state itself, but also to entities considered 'arms of the state,'" and "applies regardless of the nature of the relief sought." *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Sovereign immunity bars "direct constitutional claim[s] brought directly against a state entity . . . ." *Id.* at 329 (citing *Santiago v. New York State Dept. of Corr. Services*, 945 F.2d 25, 30-32 (2d Cir. 1991)). *See also Garcia v. Paylock*, No. 13-cv-2868 (KAM), 2014 WL 298593, at *3 (E.D.N.Y. Jan. 28, 2014) ("Plaintiff's equal protection claims also may not be brought directly under the Fourteenth Amendment because the State has not waived its immunity or had that immunity abrogated pursuant to that constitutional amendment."). Likewise, "Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the 11th Amendment." *Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011). *See also Holmes v. Caliber Home Loans, Inc.*, No. 16-CV-3344 (KMK), 2017 WL 3267766, at *5 (S.D.N.Y. July 31, 2017) (same); *Moore v. Desposito*, No. 15-cv-4319 (CBA) (LB), 2016 WL 4223967, at *3 (E.D.N.Y. Apr. 19, 2016) ("Congress did not abrogate the states' sovereign immunity" in sections 1983, 1985, 1986, or 1988).

5

The State Board "is a state agency for the purposes of the Eleventh Amendment . . . ." *Credico v. New York State Bd. of Elections*, 751 F. Supp. 2d 417, 420 (E.D.N.Y. 2010). *See also Iwachiw v. NYC Bd. of Elections*, 217 F. Supp. 2d 374, 379 (E.D.N.Y. 2002) (dismissing § 1983 claims against the State Board on the basis of sovereign immunity), *aff'd*, *Iwachiw v. New York City Bd. of Elections*, 126 F. App'x 27 (2d Cir. 2005).

New York has not waived its immunity or consented to being sued under the United States Constitution or 42 U.S.C. §§ 1985 or 1986. *See Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) (finding plaintiff's Section 1985 and 1986 claims against the State of New York and its agencies are barred by the 11th Amendment). Plaintiff's claims must therefore be dismissed as to the State Board for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

---

[3] Plaintiff asserts a HAVA claim against the City Board, but not against the State Board. Am. Compl. ¶ 12. Even if Plaintiff had asserted a HAVA claim against the State Board, such a claim would also be barred by sovereign immunity and would further fail because "HAVA does not itself create a private right of action." *Forjone v. California*, 425 F. App'x 73, 75 (2d Cir. 2011) (quoting *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004)). *See also Cty. of Nassau v. New York*, 724 F. Supp. 2d 295, 305 (E.D.N.Y. 2010) (same).

## CONCLUSION

For all of the foregoing reasons, the State Board respectfully requests that the Court dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The State Board further requests that all discovery be stayed pending the resolution of this motion.

Dated: New York, New York
       October 6, 2017

                                         Respectfully submitted,

                                         ERIC T. SCHNEIDERMAN
                                         Attorney General of the
                                           State of New York
                                         *Attorney for Defendant New York State*
                                         *Board of Elections*

                                         By: <u>Owen T. Conroy</u>
                                         Owen T. Conroy
                                         Assistant Attorney General
                                         120 Broadway, 24th Floor
                                         New York, New York 10271
                                         Tel.: (212) 416-6382
                                         Fax: (212) 416-6009
                                         Email: Owen.Conroy@ag.ny.gov