

| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JAMES M. DERVIN**<br>Phone: (212) 356-0873<br>jdervin@law.nyc.gov<br>**NOT FOR SERVICE** |

October 16, 2017

**VIA ECF**
Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  William Murawski v. New York State Board of Elections, et al.,
               No. 17-CV-6859 (RWS)

Dear Judge Sweet

      I am the Assistant Corporation Counsel assigned to represent the Board of Elections in the City of New York (the "BOE") and the New York City Campaign Finance Board (the "CFB"), (collectively, "City Defendants") in the above-referenced matter. I write in response to the Amended Complaint, which is dated September 22, 2017. As discussed more fully below, the City Defendants have not been properly served with the Summons and Complaint (or the Amended Complaint), and neither the Complaint nor the Amended Complaint state a claim upon which relief may be granted. As such, the case should be dismissed.

      Your Honor has directed the parties to appear for a pre-trial conference on October 17, 2017. See Order dated October 5, 2017, ECF dkt. no. 10.[1] While Plaintiff has not properly served City Defendants with the Summons and Complaint, I will nonetheless attend the conference on behalf of City Defendants.

---

[1] Pursuant to Your Honor's September 26, 2017 Order (ECF dkt. no. 8), Plaintiff was required to notify counsel for all parties about the pre-trial conference. Plaintiff has not notified City Defendants about the pre-trial conference.

**The BOE has not been served with process**

On or about September 11, 2017, a copy of the Complaint, dated September 8, 2017, and an Affidavit in Support were delivered to the BOE's office. No Summons was included. On or about September 12, 2017, a Summons (see ECF dkt. no. 6, p.1) was delivered to the BOE. No Complaint was included in that delivery. ECF dkt. no. 6 ("Summons Returned Executed") purports to be *prima facie* evidence that the BOE was served with process in this matter. Quite to the contrary, it shows just the opposite. First, it alleges only that the Summons was served on the BOE, not the Summons and Complaint. Second, the attesting signature of the person effecting service is undated. Third, because the Summons and Complaint were not served together as required by Rule 4(c)(1) of the Federal Rules of Civil Procedure, service was never completed upon the BOE, thereby depriving the Court of jurisdiction over it and the BOE's time to respond to the Complaint has not yet begun to run. Further, Plaintiff filed an Amended Complaint on September 22, 2017. See ECF dkt. no. 7. On or around September 24, 2017, a copy of the Amended Complaint was delivered to the BOE's office. It, too, was delivered without a summons.

**The CFB has not been served with process**

On or about September 8, 2017, a copy of the Complaint, dated September 8, 2017 and an Affidavit in Support were delivered to the CFB's office. No Summons was included. On or about September 12, 2017, a Summons (see ECF dkt. no. 4, p.1) was delivered to the CFB. No Complaint was included in that delivery. ECF dkt. no. 4 ("Summons Returned Executed") demonstrates that Plaintiff has not properly served the CFB. The document contains the same three deficiencies described above in connection with the attempted service on the BOE. Additionally, Plaintiff has yet to deliver the Amended Complaint to the CFB's office, much less serve the Summons together with the Complaint, as required by Rule 4(c)(1) of the Federal Rules of Civil Procedure. Like the BOE, the CFB has not been served with process, and accordingly, the time to respond to the Amended Complaint has not yet begun to run.

**The Amended Complaint fails to state a claim upon which relief can be granted**

In addition to the foregoing defects in service, the Amended Complaint fails to state a claim upon which relief may be granted.[2] Plaintiff appears to attempt to assert claims pursuant to 42 U.S.C. § 15483(a) ("HAVA"), 42 U.S.C.§ 1986 and 1985, and the First, Fifth, and Fourteenth Amendments to the United States Constitution, but Plaintiff fails to offer any allegations of fact to support any of these claims. Liberally construing the pleadings, Plaintiff seeks the following relief as to the City Defendants:

> (1) A restraining order to prevent the September 12, 2017 Primary Elections from taking place until Plaintiff's name is added to the ballot and all primaries are made open to members of any political party;

---

[2] The Amended Complaint filed on the Court's electronic docket appears to be missing several pages. For purposes of summarizing Plaintiff's claims herein, City Defendants liberally construe the allegations made in the Complaint and the Amended Complaint together.

2

(2) To have Plaintiff's name placed on the General Election ballot for Mayor, which is to be held on November 7, 2017;

(3) To have Plaintiff's name added to the CFB's Voter Guide for the 2017 General Election;

(4) For an order requiring the BOE to create a new ballot access process, presumably challenging the requirement that candidates obtain a certain number of signatures to be placed on the ballot;

(5) To open all Primary Elections to all voters, regardless of party affiliation;

(6) To move Primary Elections away from September 11th and any distraction caused by the yearly 9/11 commemorations;

(7) To order the BOE to schedule Primary Elections without violating the Fourteenth Amendment;

(8) To order the BOE to develop a method to provide voters with paper ballot receipts;

(9) To order the BOE to permit another entity to oversee all elections; and

(10) To nullify the results of the 2013 mayoral election for New York City.

Plaintiff's pleadings fail to state a claim for any of the above claims for relief. As to all claims pertaining to the Primary Elections held on September 12, 2017, Plaintiff's claims are now moot. I also note that Plaintiff failed to seek an order to show cause in order to obtain timely judicial review of these claims. Further, to the extent that Plaintiff objects to the BOE's decision not to place him on the Primary Election ballot, his remedy was to seek judicial review in the Supreme Court of the State of New York pursuant to Article 16 of the Election Law. He failed to do so.[3] See also Rivera-Powell v. N.Y.C. Bd. of Elections., 470 F.3d 458 (2d Cir. 2006). His claims are now also barred by the equitable doctrine of laches.

Plaintiff has provided neither a factual nor a legal basis to have his name placed on the General Election ballot or to be included in the CFB's Voter Guide. Indeed, Plaintiff does not appear to challenge any determination made by the BOE or the CFB or that he has met the requirements to be placed on the General Election ballot or on the CFB's Voter Guide. Rather, Plaintiff claims that he should be included because he believes that the threshold signature requirement is illegal. However, the five percent threshold requirement does not violate the constitution. See Prestia v. O'Connor, 178 F.3d 86, 88 (2nd Cir. 1999). In fact, the "general rule

---

[3] Plaintiff does not contend that he complied with the BOE's ballot access requirements. Plaintiff previously sought to be placed on the general ballot for the 2006 General Election for the Office of Governor. See Murawski v. Pataki, 514 F. Supp. 2d 577 (S.D.N.Y. 2007). Plaintiff conceded that he did not meet the State BOE's ballot access requirements, and his Complaint was dismissed. Id. at 581.

[is] that a ballot access requirement of signatures from five percent of the relevant voter group ordinarily does not violate constitutional rights." Id. at 87.  The government has an important interest in "requiring some preliminary showing of a significant modicum of support" before printing a candidate's name on a ballot, such that the signature requirement "is generally valid, despite any burden on voter choice." Id. at 88 (internal citations omitted).  Furthermore, the ballot requirements that Plaintiff is now challenging are not new to him. The pleadings chronicle Plaintiff's grievance with the signature requirement in several prior elections.  Plaintiff sat on these claims, and his request to postpone the General Election and/or make wholesale changes to the ballot system is also barred by the laches.

Next, Plaintiff seeks to have any voter who is unaffiliated with a party participate in the selection of that party's nominee.  However, Plaintiff's claim necessarily fails because New York State's closed primary system has been upheld as constitutional.  Rosario v. Rockefeller, 410 U.S. 752 (1973); Fotopoulos v. Bd. of Elections, 45 N.Y.2d 807 (1978).  The decision of whether non-members may participate in a party's primary election belongs to the political party.  Critically, a political party's decision is protected by the constitution and the freedom to associate, and that constitutional right should not be intruded upon by either the State or the courts.  See Tashjian v. Republican Party of Conn., 479 U.S. 208, 223 (1986); California Democratic Party v. Jones, 530 U.S. 567, 572 (2000).  There is no merit to Plaintiff's claims against the BOE regarding closed primaries.

Plaintiff's remaining claims for relief are also without merit.  Plaintiff seeks to nullify the 2013 Mayoral Election.  Plaintiff provides no basis to obtain this extraordinary relief, and indeed, his claims are now time barred.  Similarly, to the extent that Plaintiff purports to state any claim based on events occurring more than three years prior to the date the instant proceeding was commenced, these claims are barred by the three-year statute of limitations.[4] Plaintiff also seeks to require the BOE to schedule elections away from September 11th. Plaintiff opines that the anniversary of the 9/11 terrorist attacks distracts voters and reduces turnout.  It is entirely unclear how this allegation relates to a constitutional claim, let alone supports Plaintiff's request to move future election dates.  Similarly, Plaintiff's desire to have an outside entity, such as the League of Women Voters, oversee the integrity of future elections, is not supported by any cognizable legal theory.  Finally, Plaintiff's demand to have all primary elections for federal, state, and local office, consolidated, is not supported by any factual or legal basis.  Without explanation, Plaintiff asserts that the current regime violates equal protection.  However, Plaintiff ignores that candidates for federal office are not similarly situated to those seeking state or local office.  Plaintiff also ignores that all candidates for any single office have the same period of time between when they are nominated from a primary through the general election.[5]

---

[4] Plaintiff is well-aware that claims pertaining to elections that took place outside the three-year statute of limitations are time-barred. See Murawski, 514 F. Supp. 2d at 583 (dismissing claims challenging the results of elections outside the three-year statute of limitations).  Accordingly, his claims related to actions taken more than three years ago should be deemed frivolous.

[5] To the extent that Plaintiff also purports to state a claim under HAVA, it should be noted that HAVA applies to federal elections, not state and/or local elections.

Because service was defective on City Defendants and because Plaintiff has failed to allege a set of facts upon which relief may be granted, the Amended Complaint should be dismissed.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

*/s/ James M. Dervin*
James M. Dervin
Assistant Corporation Counsel

To: **William Murawski**
Pro se Plaintiff
(via first-class mail and electronic mail)

**Douglas A. Kellner**
**Owen Thomas Conroy**
Counsel for New York State Board of Elections
(via ECF)